UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SO YOUNG CHO,                                                    Civil Case No.

                              Plaintiff,

                                                                **COMPLAINT**

          -against-

OSAKA ZEN SPA,                                                  **Trial By Jury Demanded**
BOKSIL PAULA LEE, in her individual and
official capacities, JOSHIA LEE, in his individual
and official capacities, JOSEPH LEE, in his individual
and official capacities, NAN HI LEE, in her individual
and official capacities, JOHN AND JANE DOES 1-10,
individually and in their official capacities, and
XYZ CORP. 1-10,

                              Defendants.

-------------------------------------------------------------------X

      Plaintiff, So Young Cho ("Plaintiff' or "Ms. Cho"), by her attorneys the Law Offices of

Rudy A. Dermesropian, LLC, complaining of Defendants Osaka Zen Spa ("Osaka"), Boksil Paula

Lee ("Paula"), in her individual and official capacities, Joshia Lee ("Joshia"), in his individual and

official capacities, Joseph Lee ("Joseph"), in his individual and official capacities, Nan Hi Lee

("Nan Hi"), in her individual and official capacities, John and Jane Does 1-10, in their individual

and official capacities, and XYZ Corp. 1-10 (collectively "Defendants"), alleges as follows:

## INTRODUCTION

      1.    This action seeks to remedy (1) the unlawful discrimination and retaliation directed

at Plaintiff on the bases of her disability, perceived disability and religion in violation of the

Executive Law of the State of New York, New York State Human Rights Law (the "Executive

Law" or "NYSHRL"), Section 296, et seq., and the Administrative Code of the City of New York,

New York City Human Rights Law (the "Administrative Code" or "NYCHRL"), Section 8-101, et seq.

2.      Plaintiff also brings this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), and pursuant to the New York Labor Law Art. 6, §§ 190 *et seq.* ("NYLL"), to remedy Defendants' violations of the wage-and-hour provisions of the FLSA and NYLL that have deprived Plaintiff of her lawfully earned wages and benefits.

3.      Defendants have been and are still trampling the federal and state interests in pursuit of their own profits, saving significant amounts in earned wages and benefits, implementation of policies, by failing to make, keep, and preserve accurate records, including but not limited to, hours worked each workday and total hours worked each workweek, as required by the FLSA and NYLL, and supporting federal and state regulations.

4.      Plaintiff also seeks injunctive and declaratory relief, monetary damages, and all other appropriate legal and equitable relief, pursuant to all applicable federal and state laws.

## **PARTIES**

5.      Plaintiff, a resident of the State of New Jersey, is a former employee of Osaka, where she worked from November 2013 until her termination on or about June 25, 2018.

6.      Plaintiff is a covered employee within the meaning of the FLSA and NYLL, an "employee" within the meaning of the NYSHRL and a "person" within the meaning of the NYCHRL.

7.      Defendant Osaka is a privately held company in New York with a principal place of business at 37 West 46th Street, 3rd Floor, New York, New York 10036.

8.      Defendant Osaka is a covered employer that has engaged and continues to engage in interstate commerce within the meaning of the FLSA and the NYLL, AND is an "employer" within the meaning of the NYSHRL and the NYCHRL because it has four (4) or more persons in its employ.

9.      At all relevant times herein, Defendant Paula was an "employee" within the meaning of the NYSHRL, and a "person" within the meaning of the NYCHRL, and a person of authority who exercised control over Plaintiff's employment.

10.     At all relevant times herein, Defendant Joshia was an "employee" within the meaning of the NYSHRL, and a "person" within the meaning of the NYCHRL, and a person of authority who exercised control over Plaintiff's employment.

11.     At all relevant times herein, Defendant Joseph was an "employee" within the meaning of the NYSHRL, and a "person" within the meaning of the NYCHRL, and a person of authority who exercised control over Plaintiff's employment.

12.     At all relevant times herein, Defendant Nan Hi was an "employee" within the meaning of the NYSHRL, and a "person" within the meaning of the NYCHRL, and a person of authority who exercised control over Plaintiff's employment.

13.     Defendants John and Jane Does 1–10 are natural persons whose true identities are not yet known to Plaintiff and are partners, shareholders, principals, employees, agents or persons otherwise associated with one or more of the other defendants, or were otherwise in positions which enabled them to commit, or to aid and abet in the commission of, the wrongful acts against Plaintiff as set forth herein.

14.     Each John and Jane Doe defendant is an "employee" within the meaning of NYSHRL Section 292(6) and NYCHRL.

3

15.     Defendants XYZ Corp. 1–10 are additional entities whose true identities are not yet known to Plaintiff, which are owned or operated by, affiliated with, owned and/or managed by or for the benefit of one or more other defendants, or any combination of any or all of them.

16.     Each XYZ Corp. defendant is an "employer" within the meaning of NYSHRL and NYCHRL because XYZ CORP. has four (4) or more persons in its employ.

17.     In committing the wrongful conduct described in this action and obtaining the benefits therefrom to Plaintiff's loss, cost, damage and detriment, one or more of the defendants acted and operated interchangeably as principals, agents, instrumentalities and/or *alter egos* of one or more of them and/or each other.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction with respect to Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1337, 1343, 29 U.S.C. § 216(b), and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

19.     This Court also has diversity jurisdiction with respect to Plaintiff's claims pursuant to 28 U.S.C. § 1332.

20.     The matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the Plaintiff and Defendants are citizens of a foreign state and the state of New York.

21.     Plaintiff's state law claims are so closely related to Plaintiff's claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

22.     Plaintiffs' claims involve matters of national or interstate interest.

23.     Defendant Osaka is subject to personal jurisdiction in New York because, among other things: (a) it is a New York corporation; (b) conducts business in New York; and (b) maintains an office in New York.

24.     The individual Defendants Paula, Joshia, Joseph, and Nan Hi are also subject to personal jurisdiction in New York because they work and/or reside in New York.

25.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

26.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction in the Southern District of New York.

27.     A substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

28.     Plaintiff started working for Defendants in or about October 2013, and remained an employee of Defendants until her unlawful termination on June 25, 2018.

### *Unpaid Overtime*

29.     From in or about October 2013 until in or about November 2016, Plaintiff worked a minimum of twelve hours per day and five days per week, or a minimum of sixty hours per week.

30.     During that period of time, Plaintiff was only paid $40 per day, or the equivalent of $3.33 per hour.

31.     From in or about November 2016 until in or about September 2017, Plaintiff continued to work a minimum of twelve hours per day or sixty hours per week, but was paid $60 per day, or the equivalent of $5 per hour.

32.     From in or about September 2017 until in or about April 2018, Plaintiff was receiving $70 per day for the same twelve hours, or the equivalent of $5.83 per hour.

33.     During the last two months of her employment from in or about April 2018 until June 25, 2018, her hours increased to a minimum of sixty-eight hours per week, and was paid only $80 per day or the equivalent of $6.67 per hour.

34.     At no time during her employment with Defendants was Plaintiff paid the minimum wage, over-time, or spread-of-hours.

35.     Plaintiff was never afforded a meal break during that period of time.

36.     Plaintiff was always paid in cash.

37.     Plaintiff made numerous complaints of not getting paid either the minimum wage, over-time, or spread-of-hours to the managers Ms. Park and Ms. Gina Chin ("Ms. Chin").

38.     Ms. Park and Ms. Chin relayed Plaintiff's complaints of improper pay to Defendant Paula, who would frequently and consistently respond, "She is a retard. We don't need to pay her more."

39.     Plaintiff is aware of Defendant Paula's statements because she either told by Ms. Park or Ms. Chin, or she overheard it herself when Defendant Paula made that statement in Korean.

40.     Another former employee of Defendants, John Moore, also witnessed Defendant Paula make those derogatory and discriminatory statements about Plaintiff, and in turn also informed Plaintiff.

41.     Defendants Paula, Joshia, Joseph, and Nan Hi, have the power to hire and fire employees, to determine employees' salaries, to maintain employment records, to exercise control over the Osaka's operations, and to exercise control over Osaka's employees, like Plaintiff.

6

42.     Defendants are liable under the FLSA and NYLL, *inter alia*, for failing to properly compensate Plaintiff.

43.     Plaintiff has been victim of a policy and plan perpetrated by Defendants that have violated her rights under the FLSA and the NYLL by denying her minimum wages, overtime wages, spread-of-hours wages, and call-in pay.

44.     At all relevant times, Defendants' unlawful conduct, policies, patterns and/or practices described in this Complaint have been willful.

45.     As part of their ongoing business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL, as described in this Complaint.  This ongoing policy, pattern or practice includes, but is not limited to:

    a.  Defendants failed to pay Plaintiff minimum wages, overtime for hours worked over forty in a workweek, spread-of-hours pay for workdays over 10 hours, and call-in pay for at least four hours per day; and

    b.  Defendants failed to keep accurate and adequate records of hours worked by Plaintiff as required by the FLSA and the NYLL.

46.     Defendants' unlawful conduct described in this Complaint has been pursuant to a corporate policy or practice of minimizing labor costs by knowingly refusing and failing to pay employees for minimum wages and overtime hours in violation of the FLSA and the NYLL.

47.     Defendants' unlawful conduct, policies and practices have been widespread, repeated, consistent and ongoing.

48.     Defendants' unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff.

49.    Also, in addition to the other adverse actions described herein, Defendants' refusal to pay Plaintiff proper and just wages is yet another form of harassment, discrimination and retaliation.

### *Disability and Perceived Disability Discrimination and Harassment*

50.    During her entire employment period with Defendants, Plaintiff was discriminated against and harassed due to her disability.

51.    When Plaintiff started working for Defendants she informed Defendants Paula, Joshia, Joseph, and Nan Hi, that she has a learning disability and a speech disability.

52.    Immediately after notifying Defendants of her disabilities, the former started and never stopped referring to her as a "retard," would frequently yell at her in a hostile and violent manner calling her "retard," "stupid," accused her of not being smart, and accused her of being "slow."

53.    Defendant Paula also said the Ms. Gin, who in turn informed Plaintiff, that Plaintiff "has something wrong with her brain," and falsely accused Plaintiff of taking pills for her disability.

54.    In fact, Defendants referred to or called Plaintiff a "retard," multiple times per week during her entire employment with Defendants.

55.    Almost every time she was called derogatory and discriminatory names, or every time she was yelled at in such a hostile and intimidating manner, Plaintiff complained to Defendants and asked them to stop such a behavior.

56.    Plaintiff also denied taking pills as she was falsely accused by Defendant Paula.

57.    However, despite her repeated and numerous complaints, Defendants never stopped their behavior, which cause Plaintiff to fear Defendants.

8

### *Religious Discrimination*

58.     In addition, from in or about September 2017 until her unlawful termination on June 25, 2018, Defendants forced Plaintiff to attend the morning Bible readings, which took place multiple times per week.

59.     When Plaintiff objected to attending the Bible readings, Defendants would bully her, harass her, and call her names.

60.     For example, Defendant Nan Hi stated to Plaintiff on different occasions, "You are a sinner and that's why your mother is going to die."

61.     Defendant Nan Hi would also reprimand and call Plaintiff a "sinner" because she does not attend the same church as her.

62.     Defendant Nan Hi would also forcibly draw a cross on Plaintiff's forehead once every two months.

63.     In fact, when Plaintiff's mother passed away on July 17, 2016, Defendant Nan Hi repeatedly told Plaintiff, "Your mother went to hell because you are a sinner."

### *Additional Harassment and Assault*

64.     In addition to the daily harassment, abuse, bullying and derogatory treatment that Plaintiff was subjected to, Defendant Joshia physically assaulted Plaintiff in February 2017, October 2017, and February 2018.

65.     For example, in February 2018, in the presence of two female customers of Osaka, Defendant Joshia threw a bottle at Plaintiff's head, because she asked him not to perform exercises on the female customers who were naked since it was inappropriate.

66.     While hitting Plaintiff, Defendant Joshia would also call Plaintiff, "retard," stupid," "slow," and "you don't have any brain."

67.     Plaintiff complained of each time that she was assaulted by Defendant Joshia.

68.     Plaintiff was also forced to regularly clean the sixth floor for defendant Joseph and his partner at Amway without receiving any additional compensation, even though that was not within her duties and responsibilities at Osaka.

69.     In addition to the 6th floor, Plaintiff was also forced to clean Nan Hi's doctor office and room without any additional compensation.

70.     Whenever Plaintiff would complain, raise an objection or request fair pay for the additional work she was forced to do, Defendants, especially Defendant Nan Hi would yell at Plaintiff and tell her, "Because you work for our building then you're our slave."

71.     Despite being assaulted and harassed, Defendants never took any actions to make sure that Plaintiff was safe and would be working in an environment free of any physical dangers or harassment.

72.     Additionally, due to the stress and anxiety caused by Defendants' discriminatory actions, Plaintiff suffered severe emotional distress.

## AS AND FOR A FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wage Violations

73.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

74.     The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

75.     Defendants have willfully failed to pay Plaintiff the federal minimum wage for each hour worked.

76.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the

recovery of such amount, liquidated damages, attorney's fees, pre-judgment and post judgment interest, costs and other compensation pursuant to the FLSA.

**AS AND FOR A SECOND CAUSE OF ACTION**
**New York Labor Law – Minimum Wage Violations**

77.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

78.     The minimum wage provisions set forth in the New York Labor Law, and its supporting regulations, apply to Defendants and protect Plaintiff.

79.     Defendants have willfully failed to pay Plaintiff the New York State minimum wage for each hour worked.

80.     Defendants' knowing or intentional failure to pay Plaintiff minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, et seq., and its supporting regulations.

81.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorney's fees, pre-judgment and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

**AS AND FOR A THIRD CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**

82.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

83.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff.

84.     Defendants have failed to pay Plaintiff overtime wages at time and a half for hours that she worked over 40 hours in a work-week.

85.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to the FLSA.

86.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

87.     Defendants were or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

## AS AND FOR A FOURTH CAUSE OF ACTION
### New York Labor Law Article 19 – Unpaid Overtime

88.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

89.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff.

90.     Defendants have failed to pay Plaintiff overtime wages to which she is entitled to under the NYLL and the supporting New York State Department of Labor Regulations.

91.     By Defendants' knowing and/or intentional failure to pay Plaintiff overtime wages for hours worked over 40 hours per work week, they willfully violated NYLL Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

92.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interests and other compensation pursuant to NYLL.

93.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were or should have been aware that the practices described in this Complaint are unlawful.  Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**New York Labor Law Article 19 – Spread-of-Hours Pay**

94.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

95.     Defendants have willfully failed to pay Plaintiff additional compensation of one hour's pay at the minimum hourly wage rate for each day during which she worked more than 10 hours.

96.     By Defendants' failure to pay Plaintiff spread-of-hours, Defendants have willfully violated NYLL Art. 19 §§ 650 *et seq*., and the supporting New York State Department of Labor regulations.

97.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interests and other compensation pursuant to NYLL.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**New York Labor Law Article 19 – Recordkeeping Violations**

98.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

99.     Defendants failed to make, keep, and preserve accurate records with respect to Plaintiff, including, but not limited to, hours worked each workday and total hours worked each work week, as required by NYLL Art. 19 *et seq*., and supporting regulations.

100.     As a result of Defendants' unlawful acts, Plaintiff was damaged in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, pre- and post-judgment interests, attorneys' fees, costs, and other compensation pursuant to FLSA.

101.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the NYLL with respect to recordkeeping.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### Violation of New York Labor Law Article 6, § 198-c

102.     Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

103.     Defendants had an obligation to pay Plaintiff for the overtime hours she worked.

104.     Defendants failed, neglected and refused to pay the amounts necessary to Plaintiff within thirty days after such payments were required to be made.

105.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interests and other compensation pursuant to NYLL.

106.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were or should have been aware that the practices described in this Complaint are unlawful.  Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

14

## AS AND FOR AN EIGHT CAUSE OF ACTION
### Disability Discrimination in Violation of Executive Law § 296, *et seq*.

107.    Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

108.    Defendants violated the Executive Law § 296, *et seq.*, by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory practices in which Plaintiff's disability was the motivating, if not the only factor.

109.    As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, from permanent physical injuries, severe emotional distress, anxiety, loss of enjoyment of life, fear and other monetary damages connected with Defendants' action and inactions.

110.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

## AS AND FOR A NINTH CAUSE OF ACTION
### Retaliation in Violation of Executive Law § 296, *et seq*.

111.    Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

112.    Defendants violated Executive Law §296, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities, when complaining of the discriminatory, harassing and disparate treatment she was subjected to by Defendants.

113.    As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional

distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

114.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

**AS AND FOR A TENTH CAUSE OF ACTION**
**Disability Discrimination in Violation of Administrative Code § 8-107, *et seq*.**

115.    Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

116.    Defendants violated the Administrative Code § 8-107, *et seq.*, by engaging in, perpetuating and permitting supervisory and decision making employees to engage in discriminatory practices in which Plaintiff's disability was the motivating, if not the only factor.

117.    As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, from permanent physical injuries, severe emotional distress, anxiety, loss of enjoyment of life, fear and other monetary damages connected with Defendants' action and inactions.

118.    As a result of Defendants' aforementioned conduct, which has been and continues to be extreme and outrageous, Plaintiff is entitled to punitive damages.

119.    As a result of the outrageous, wanton, malicious and blatantly discriminatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
**Retaliation in Violation of Administrative Code § 8-107, *et seq*.**

120.    Plaintiff repeats and re-alleges each and every allegation contained herein above with the same force and effect as if fully stated hereat.

16

121.    Defendants violated Administrative Code § 8-107, *et seq*. by engaging in, perpetuating and permitting supervisory and decision making employees to engage in retaliatory actions against Plaintiff for engaging in protected activities, when complaining of the discriminatory, harassing and disparate treatment she was subjected to by Defendants.

122.    As a result of Defendants' aforementioned conduct, Plaintiff has suffered, and continues to suffer, loss of past and future wages and benefits, mental anguish, severe emotional distress, loss of enjoyment of life, and other monetary damages connected with Defendants' aforementioned violations.

123.    Plaintiff continues to suffer and to incur additional damages by reason of the foregoing.

124.    As a result of the outrageous and blatantly retaliatory conduct of Defendants, with such conduct that contravenes public policies and statutes, Plaintiff is entitled to punitive damages.

## JURY DEMAND

125.    Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff So Young Cho prays that this Court award Plaintiff:

A.      Unpaid overtime wages and an additional and an equal amount as liquidated damages pursuant to FLSA and the supporting United States Department of Labor regulations;

B.      Unpaid overtime wages pursuant to NYLL Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL Art, 19, § 663;

C.      A declaratory judgment declaring that the practices and policies complained of in this Complaint are unlawful under FLSA and NYLL Art. 19 §§ 650 *et seq*., and the supporting United States Department of Labor and New York State Department of Labor regulations;

D.      Equitable relief of back pay, salary and fringe benefits in an exact amount to be determined at trial;

E.      Full compensation damages under the Executive Law of the State of New York, New York State Human Rights Law ("Executive Law"), § 296, *et seq.*, and the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, *et seq.*;

F.      Full liquidated and punitive damages as allowed under the Administrative Code of the City of New York, New York City Human Rights Law ("Administrative Code"), § 8-101, *et seq.*;

G.      Pre-judgment and post-judgment interests;

H.      A declaratory judgment declaring that the acts and practices complained of herein are in violation of the Executive Law and the Administrative Code;

I.      An amount to be determined at trial of lost compensation, back-pay, bonuses, raises, emotional distress damages, and additional amounts such as liquidated damages;

J.      Such compensatory, prospective, exemplary and punitive damages as this Court deems appropriate, just and proper;

K.      Cost of prosecuting this action and for reasonable attorneys' fees; and

L.      Such other and further relief as this Court deems just and proper.

Dated: New York, New York
        August 23, 2019

                    Respectfully submitted,

                    **LAW OFFICES OF RUDY A. DERMESROPIAN, LLC**

                    By: ___*/s/ Rudy A. Dermesropian*_____
                            Rudy A. Dermesropian, Esq.
                            260 Madison Avenue, 15th Floor
                            New York, New York 10016
                            (646) 586-9030

                            *Attorney for Plaintiff*