UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

SO YOUNG CHO,                                            Case No. 19-cv-07935-ER

                            Plaintiff,

              v.                                         **MEMORANDUM OF LAW**

OSAKA ZEN SPA, BOKSIL PAULA LEE, in her
Individual and official capacities, JOSHIA LEE, in his
individual and official capacities, JOSEPH LEE, in his
individual and official capacities, NAN HI LEE, in her
individual and official capacities, JOHN AND JANE DOES
1-10, individually and in their official capacities, and XYZ
CORP. 1-10,

                            Defendants,

------------------------------------------------------------------------x

**<u>MEMORANDUM OF LAW IN IN SUPPORT OF DEFENDANTS'</u>**
**<u>FED. R. CIV. P. 12(C) MOTION ON PLEADINGS TO DISMISS</u>**

Law Office of Z. Tan PLLC
Bingchen Li, Esq. (BL4750)
39-07 Prince Street, Suite 3B
Flushing, New York 11354
Phone: (718) 886-6676
Fax:    (718) 679-9122
Email: eric.li@ncny-law.com
*Attorneys for OSAKA ZEN SPA,*
*BOKSIL PAULA LEE, JOSHIA LEE,*
*and JOSEPH LEE*

# TABLE OF CONTENTS

**TABLE OF AUTHORITY** ............................................................................ 3

**PRELIMINARY STATEMENTS** ................................................................ 5

**PROCEDURAL HISTORY** .......................................................................... 5

**STATEMENT OF FACTS** ............................................................................ 6

**ARGUMENTS** .............................................................................................. 6

**CONCLUSION** ............................................................................................ 13

# TABLE OF AUTHORITIES

**Case Laws**

*In re Thelen LLP*
        736 F.3d 213 (2d Cir. 2013) ................................................................... 7

*Ashcrosft v. Iqbal*
        556 U.S. 661 (2009) ..................................................................... 7, 10

*Graziano v. Pataki*
        689 F. 3d 110 (2d Cir. 2012) ................................................................. 7

*Thanshorn, Ltd v. United Techs Corp. (In re Elevator Antitrust Litig.)*
        502 F.3d 47 (2d Cir. 2007) ................................................................... 7

*Herman v. RSR Sec. Services Ltd.*
        172 F.3d 132 (2d Cir. 2007)................................................................... 7

*Carter v. Dutchess Community College*
        735 F.2d 8 (2d Cir. 1983) ............................................................. 7, 8, 9

*Irizarry v. Catsimatidis*
        722 F.3d 99 (2d Cir. 2013)................................................................. 7, 8

*Zheng v. Liberty Apparel Co.*
        335 F. 3d 61 (2d Cir. 2003)................................................................... 8

*Tomka v. Seiler Corp.,*
        66 F. 3d 1295 (2d Cir. 1995)................................................................. 8

*Patrowich v. Chemical Bank*
        63 N.Y.2d 541 (1984) .......................................................................... 8

*Priore v. N.Y. Yankees*
        307 A.D.2d 67, 72 (st Dept., May 29, 2003)  ................................. 9, 12

*Tracy v. NVR, Inc.*
        667 F.Supp.2d 244 (W.D.N.Y. 2009) .................................................. 9

*Bravo v. Eastpoint Int'l, Inc.*
        2001 WL 314622 (S.D.N.Y. March 30, 2001) ................................... 10

*Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*
        2009 WL 976835 (S.D.N.Y. April 9, 2009) ....................................... 11

**Statutes**

Fed. R. Civ. P.12(c) ........................................................................................ 10

U.S.C. § 1367(c)(3)......................................................................................... 10

## PRELIMINARY STATEMENTS

The defendants, JOSHIA LEE and JOSEPH LEE, (collectively the "Moving Defendants"), by Bingchen Li, Esq., their attorney of record, respectfully submit this Memorandum of Law in support of their Fed. R. Civ. P. 12(c) ("Rule 12(c)") motion on pleadings to dismiss all claim against the Moving Defendants.

The Moving Defendants will demonstrate below that the plaintiff has failed to make sufficient, if any, factually plausible allegations in the complaint to state a claim against them, which warrants a dismissal of the complaint.

Accordingly, the Moving Defendants respectfully request that this Court grant the Moving Defendants' Rule 12(c) motion in its entirety and whatever other and further relief deemed just and proper.

## PROCEDURAL HISTORY

On August 23, 2019, the plaintiff commenced the instant action by a complaint (*See ECF 1, Complaint, "Compl."*). On September 11, 2019, the Moving Defendants responded to Compl. with an Answer (*See ECF 9, Answer*). A mediation was ordered by this Court (*See ECF 7, "Mediation Referral Order"*), but was adjourned a few times due to the defendant Boksil Paula Lee's health condition (*See Joseph Lee Declaration, "Lee Decl." ¶ 6*) and had been further delayed by the COVID-19 pandemic. Finally, the mediation took place on September 17, 2020 via Zoom, but it was unsuccessful (*See ECF 31, Mediation Report*). During the initial conference via telephone held on October 29, 2020, this Court approved the parties' proposed case management plan setting the discovery deadline to be April 29, 2021 and also granted the

Moving Defendants a leave to file a motion to dismiss on pleadings ((*See ECF 35, Proposed Case Management Plan* and *Pretrial Conference Minute Entry*). On November 2, 2020, the Moving Defendants filed a pre-motion letter in compliance with this Court's Individual Rules (*See ECF 36, Motion for Conference*). Subsequently, this Court set the motion briefing schedule (*See ECF 37, Order on Motion for Conference*), pursuant to which the opening brief is due on November 23, 2020.

## STATEMENT OF FACTS

The plaintiff commenced this action and filed with this Court a complaint on August 23, 2019. However, Compl. is completely devoid of any substantive allegation against either Moving Defendant, other than form and boilerplate allegations (*See Compl. ¶¶ 10-11, 24, 41, 51, and 64-68*). In addition, the defendant Joseph Lee is not and has never even been an employee at Spa Osaka (*See Compl. ¶ 68 and Lee Decl. ¶¶ 2-5*).

## ARGUMENTS

The Instant Motion is Timely

Under Rule 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The plaintiff commenced the instant action by a complaint on August 23, 2019, to which the defendants submitted an answer with affirmative defenses in response on September 11, 2019. Parties just held the initial pre-trial conference and the discovery will not be due until April 29, 2021. Therefore, the instant motion is timely and hereby submitted early enough not to delay trial or cause any prejudice against the plaintiff. Accordingly, the

6

Moving Defendants should be allowed to move for judgment on pleadings under Rule 12(c).

Legal Standard

       In deciding Rule 12(c) motions, the Court may "consider only the complaint itself and documents that are attached to it, incorporated by reference, or on which the complaint heavily relies." _In re Thelen LLP_, 736 F.3d 213, 219 (2d Cir. 2013). The threshold question is, disregarding legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusive statements" _Ashcroft v. Iqbal_, 556 U.S. 662, 678 (2009), whether the complaint contains sufficient factual matter to "state a claim to relief that is plausible on its face." _Graziano v. Pataki_, 689 F.3d 110, 114 (2d Cir. 2012). "A claim has factual plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." _Ashcroft_, 556 U.S. at 678. "In resisting a motion to dismiss, 'bald assertions and conclusions of law will not suffice.'" _Transhorn, Ltd., United Techs. Corp. (In re Elevator Antitrust Litig.)_, 502 F.3d 47, 51 (2d Cir. 2007).

       "To be held liable under the FLSA, a person must be an 'employer'." _Herman v. RSR Sec. Services Ltd._, 172 F.3d 132, 139 (2d Cir. 1999). "It is common ground that courts, in determining whether an employment relationship exists for purpose of the FLSA, must evaluate the 'economic reality' of the relationship." _Carter v. Dutchess Community College_, 735 F.2d 8, 12 (2d Cir 1984). "[T]he determination of whether an employer-employee relationship exists for purpose of the FLSA [is] grounded in economic reality rather than technical concepts." _Irizarry v. Catsimatidis_, 722 F.3d 99,

104 (2d Cir. 2013). In this Circuit, the courts usually make the inquiry under two "economic reality" tests, one formal and the other functional.

Under the formal economic reality test, the inquiries are: 'whether the alleged employer (1) had the power to hire and fire the employee, (2) supervised and controlled employee work schedules or condition of employment, (3) determined the rate and method of payment, and (4) maintained employment records." _Carter_, 735 F.2d at 12. Under the functional economic reality test, the court considers additional factors that, "when they weigh in plaintiffs' favor, [can] indicate that an entity has functional control over workers even in the absence of the formal control measured by the _Carter_ factors." _Zheng v. Liberty Apparel Co._, 355 F. 3d 61, 72 (2d Cir. 2003). These factors include:

> [i] whether [defendant]'s premises and equipment were used for the plaintiffs' work; [ii] whether the [defendant] had a business that could or did shift as a unit from one putative joint employer to another; [iii] the extent to which plaintiffs performed a discrete line-job that was integral to [defendant]'s process of production; [iv] whether responsibility under the contracts could pass from one subcontractor to another without material changes' [v] the degree to which the [defendant] or [its] agents supervised plaintiffs' work' and [vi] whether plaintiffs worked exclusively or predominantly for [defendant]. _Id._

"[A]n employee is not individually subject to suit under § 296 of the HRL as an employer 'if he is not shown to have any ownership interest or any power to do more than carry out personnel decisions made by others.'" _Tomka v. Seiler Corp._, 66 F.3d 1295, 1317 (2d Cir. 1995) (citing _Patrowich v. Chemical Bank_, 63, N.Y.2d 541, 542 (1984)).

The New York City Human Rights Law, New York City, N.Y., Admin. Code § 8-107(1)(a), while omitting reference to genetic or carrier-based discrimination, otherwise generally tracks the New York State Human Rights Law, N.Y. Exec. Law § 296. *Priore v. N.Y. Yankees*, 307 A.D.2d 67, 72 (1st Dept., May 29, 2003). [It] includes fellow employees under the tent of liability, but only where they act with or on behalf of the employer in hiring, firing, paying, or in administering the "terms, conditions or privileges of employment"--in other words, in some agency or supervisory capacity. *Id*, at 74.

Plaintiff Fail to State a Claim under FLSA against the Moving Defendants

In the instant action, the plaintiff did make an abbreviated recital of the four elements under *Carter* against all defendants (*See Compl., ¶ 41*). However, this mere boilerplate recitation of the *Carter* factors is plainly insufficient "to raise plaintiffs' right to relief above a speculative level with respect to that individual's liability as an employer under the FLSA." *Tracy v. NVR, Inc.*, 667 F.Supp.2d 244, 247 (W.D.N.Y. 2009).

First of all, the plaintiff alleges that each Moving Defendant "was an 'employee'." (*See Compl., ¶¶ 10-11*). Therefore, neither can be liable to the plaintiff as an employer.

Secondly, the defendant Joseph Lee lives in Oregon and is a practicing Medical Doctor there. He only visited his parents in New York once every one or two months (*See Lee Decl. ¶¶ 2-5*). He was not and could not have been an owner or acted in a supervisory capacity during the plaintiff's employment period.

Even if we overlook this defect in the Complaint, it is indisputable that the Complaint would be left with no substantiated factual allegation concerning employment relationship against either Moving Defendant, if we apply _Ashcroft_ and strip all the "legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusive statement" _Ashcroft_, 556 U.S. at 678. Regardless whether we make the inquiry under the formal or functional economic reality test, there is no factual allegation in the Complaint that could possibly lead to a plausible conclusion that there existed an employment relationship between the plaintiff and the Moving Defendants.

In any event, the plaintiff's unavailing attempt to lump all the defendants together without any accompanying facts is insufficient to support the inference the Moving Defendants had the power to control the plaintiff. See _Bravo v. Eastpoint Int'l, Inc._, 2001 WL 314622, at *2 (S.D.N.Y. Mar. 30, 2001) (rejecting the plaintiff's effort to "lump [multiple defendants] as one in the allegations").

The alleged physical assault does not help to infer the employment relationship between the defendant Joshia Lee and the plaintiff, especially in light of the plaintiff's own admission that the alleged incident was resulted from the plaintiff's instruction to the defendant Joshia Lee that he should "not … perform exercises on the female customers…" (_See Compl., ¶ 65_).

Furthermore, the plaintiff admitted that her alleged service to "clean the sixth floor for defendant Joseph and his partner at Amway…was not within her duties and responsibilities at Osaka" (_See Compl., ¶ 68_). Therefore, it does not lend support to the plaintiff's baseless and frivolous allegation that the defendant Joseph Lee was the plaintiff's employer at the Spa Osaka. Even if the plaintiff may strenuously argue that the

10

defendant Joseph Lee was the plaintiff's employer nevertheless for her cleaning service, she has still failed to provide the dates of the services, the frequency of the services, the time spent on the services, and other requirement allegations to sustain such claims. In any event, such claim, if existing, does not share a common nucleus of operative facts with the FLSA claim herein, and therefore needs to be severed.

        Accordingly, in absence of employer-employee relationship none of the Moving Defendant can or should be liable under FLSA as an employer.

New York Labor Law Claims

        If this Court dismisses all FLSA claims against the Moving Defendants, we strongly urge this Court to exercise its discretion to dismiss all remaining New York state law claims for lack of jurisdiction (*See U.S.C. § 1367(c)(3)*). In any event, the same analysis that applies to FLSA claims also applies to the claims brought under NYLL. *Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*, 2009 WL 976835, at *2 (S.D.N.Y. April 9, 2009). Therefore, this Court should dismiss all claims under NYLL against the Moving Defendants.

Other New York Claims

        Even if this Court decides to maintain jurisdiction over other New York law claims, all claims should still be dismissed as follows for failure to state a claim:

        In the instant action, the plaintiff fails to make any substantive allegation against either Moving Defendants, other than form and boilerplate allegations, inferring

either Moving Defendants was an employer or acted in a supervisory capacity concerning the plaintiff's employment at Osaka Spa.

The plaintiff typically can only maintain discriminative and retaliation claims against her employer, or employee in a supervisory capacity. Having failed to establish that either Moving Defendants was her employer, her discriminative and retaliation claims against the Moving Defendants must also be dismissed.

Even if this Court would consider employee liability in very limited circumstances, there is no indication in the local ordinance, explicit or implicit, that it was intended to afford a separate right of action against any and all fellow employees based on their independent and unsanctioned contribution to a hostile environment. The inclusion of the word "employee" in the local ordinance does not automatically open the door of liability to an entirely new category of defendants; the term must be read in context. _Priore_, 307 A.D.2d at 72 (1st Dept., May 29, 2003). There is no factually substantiated allegation against either Moving Defendant that they acted in a supervisory capacity or as an employer.

## **CONCLUSION**

Plaintiffs have failed to make any allegation beyond conclusory and boilerplate statements to support an inference that either Moving Defendant is an employer or an employee acting in a supervisory capacity concerning the plaintiff's employment at Osaka Spa.  Accordingly, this Court should grant the instant motion it its entirety.

12

**WHEREFORE**, Defendants respectfully request that this Court

    (1) Grant the Moving Defendants' Rule 12(c) motion to dismiss all claims, and

    (2) Grant whatever other and further relief this Court deems just, proper and

        equitable.

Dated: Nassau, New York
       November 23, 2020

                                   Law Office of Z. Tan PLLC

                              By: /s/Bingchen Li
                                    Bingchen Li, Esq. (BL4750)
                                    39-07 Prince Street, Suite 3B
                                    Flushing, New York 11354
                                    Tel:   (718) 886-6676
                                    Fax:   (718) 679-9122
                                    Email:  eric.li@ncny-law.com
                                    *Attorneys for OSAKA ZEN SPA,*
                                    *BOKSIL PAULA LEE, JOSHIA LEE,*
                                    *and JOSEPH LEE*