UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SO YOUNG CHO,

                Plaintiff,

–against–

OSAKA ZEN SPA, BOKSIL PAULA LEE, in her individual and official capacities, JOSHIA LEE, in his individual and official capacities, JOSEPH LEE, in his individual and official capacities, NAN HI LEE, in her individual and official capacities, JOHN AND JANE DOES 1-10, individually and in their official capacities, and XYZ CORP. 1-10,

                Defendants.

**OPINION AND ORDER**

19 Civ. 7935 (ER)

RAMOS, D.J.:

      So Young Cho brings claims under the Fair Labor Standards Act ("FLSA")[1] and New York Labor Law ("NYLL")[2] for alleged violations of her labor rights arising from her employment at Osaka Zen Spa ("Osaka"). Cho also alleges that she was unlawfully discriminated and retaliated against on the bases of her disability, perceived disability, and religion in violation of New York State and City Human Rights Law.[3]

      Before the Court is the motion of Defendants Joshia Lee ("Joshia") and Joseph Lee ("Joseph") (collectively "Moving Defendants") for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). For the reasons discussed below, the motion is GRANTED.

---

[1] 29 U.S.C. §§ 201 *et seq.*

[2] New York Labor Law §§ 190 *et seq.*

[3] New York State Human Rights Law, N.Y. Exec. Law §§ 296 *et seq.* ("NYSHRL"); N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL").

I.  **BACKGROUND**

   A.  **Factual Background**

In October 2013, Cho began working for Osaka, a New York spa.  Doc. 1, Complaint, at ¶¶ 5–7.  According to Cho, both Joshia and Joseph were employees and persons of authority who exercised control over Cho's employment.  *Id.* at ¶¶ 10–11.  They each possessed "the power to hire and fire employees, to determine employees' salaries, to maintain employment records, to exercise control over the [sic] Osaka's operations, and to exercise control over Osaka's employees, like [Cho]."  *Id.* at ¶ 41.

When Cho began working for Osaka, she worked at least twelve hours per day, five days per week, and received $3.33 per hour.  *Id.* at ¶¶ 29–30.  Beginning November 2016, Cho received $5 per hour for the same amount of work.  *Id.* at ¶ 31.  Starting September 2017, Cho received $5.83 per hour for the same amount of work.  *Id.* at ¶ 32.  In April 2018, she began working sixty-eight hours per week—up from the prior sixty hours per week—and received $6.67 per hour for this work.  *Id.* at ¶ 33.

Cho alleges that throughout her employment with Osaka, each of the defendants, including the Moving Defendants, discriminated against her and harassed her on the basis of a learning disability and a speech disability.  According to Cho, the defendants, collectively, would refer to her as "retard" or "stupid" and would call her "slow" and tell her that she "has something wrong with her brain," in spite of her complaints about this behavior.  *Id.* at ¶¶ 50–57.  Cho also alleges that, beginning in September 2017, the defendants forced her to attend morning bible readings multiple times each week and when she would refuse to attend, the defendants would bully her and call her names.  *Id.* at ¶¶ 58–63.

Cho additionally alleges that Joshia physically assaulted her on three occasions and that he would call her names like "retard," "stupid," and "slow." *Id.* at ¶¶ 64–66. On one occasion in February 2018, Joshia allegedly threw a bottle at Cho's head "because she asked him not to perform exercises on the female customers who were naked since it was inappropriate." *Id.* at ¶ 65.[4] Separately, Cho alleges that Joseph forced her to regularly clean "the sixth floor" for him and his "partner at Amway," without additional compensation for this work. *Id.* at ¶ 68.[5] Finally, Cho alleges that she was unlawfully terminated by Osaka on June 25, 2018. *Id.* at ¶ 28.

### B. Procedural History

On August 23, 2019, Cho filed her complaint, alleging that the defendants deprived her of her lawfully earned wages and benefits in violation of the FLSA and the NYLL. Doc. 1. Cho also alleged unlawful discrimination and retaliation directed at her on the bases of her disability, perceived disability, and religion in violation of NYSHRL and NYCHRL. *Id.* On October 9, 2019, the Court referred the case to mediation, which did not result in a settlement. Doc. 7. On October 11, 2019, Osaka, Joshia, Joseph, and another defendant, Boksil Paula Lee, filed an answer. Doc. 9.

On November 23, 2020, Joshia and Joseph moved to dismiss Cho's claims against them pursuant to Fed. R. Civ. P. 12(c), and submitted a memorandum in support of their position, as well as a declaration signed by Joseph. Docs. 38–40. Cho filed a memorandum in opposition on December 14, 2020. Doc. 43. This memorandum was also accompanied by a signed declaration from Cho. Doc. 42. The Moving Defendants did not file a reply brief.

---

[4] Cho does not specify what is meant by "exercises" in this allegation. *Id.*

[5] Cho does not explain what "Amway" is or its relation to Osaka, but states that such work was "not within her duties and responsibilities at Osaka." *Id.*

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Under Rule 12(c), courts apply the same standard as applied on a motion to dismiss for failure to state a claim under Rule 12(b)(6). Judgment on the pleadings is appropriate only if, drawing all reasonable inferences in favor of the non-moving party, it is apparent from the pleadings that no set of facts can be proven that would entitle the plaintiff to relief. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). In considering a Rule 12(c) motion, courts should assume all the well pleaded factual allegations in the non-moving party's pleadings to be true. *Brown v. De Fillipis*, 717 F. Supp. 172, 178 (S.D.N.Y. 1989). When deciding a motion for judgment on the pleadings, a court may only consider "the pleadings and exhibits attached thereto, statements or documents incorporated by reference in the pleadings, matters subject to judicial notice, and documents submitted by the moving party, so long as such documents either are in the possession of the party opposing the motion or were relied upon by that party in its pleadings." *See Prentice v. Apfel*, 11 F. Supp. 2d 420, 424 (S.D.N.Y. 1998) (citing *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

## III. DISCUSSION

### A. The Court Will Not Consider Matters Outside the Pleadings

Courts do not generally consider matters outside the pleadings in deciding motions to dismiss under Rule 12(b)(6) or Rule 12(c). *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 202 (2d Cir. 2013) (citing *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154–55 (2d Cir. 2006)); *see also Air China Ltd. v. Nelson Li*, No. 07 Civ.

4

11128 (LTS) (DFE), 2009 WL 857611, at *6 n.7 (S.D.N.Y. Mar. 31, 2009) (declining to consider affidavits in deciding motion for judgment on the pleadings).  When a party presents matters outside the pleadings, "a district court [in resolving a Rule 12(c) motion] must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.'" *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (quoting *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988)).  Ultimately, it is within the district court's discretion to decide whether to exclude the extraneous material.  *United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 450–51 (E.D.N.Y. 2007) (citing *Friedl*, 210 F.3d at 83)).

Here, both Cho and the Moving Defendants have submitted declarations in support of their positions on this motion.  Doc. 40; Doc. 42.  These declarations were obtained over a year after Cho filed her complaint; Cho's complaint did not rely on these declarations, which were neither attached to the complaint, nor incorporated within it by reference.  Thus, these declarations fall outside the pleadings.  *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).  The Court will not convert the Moving Defendants' pending motion to a motion for summary judgment, as the Moving Defendants made this motion at an early stage of the litigation, about five months before the close of discovery.  *See Sussman v. I.C. Syst., Inc.*, 928 F. Supp. 2d 784, 787 n.1 (S.D.N.Y. 2013) (declining to convert motion to one for summary judgment because "[t]here would be little point in considering a summary judgment motion when significant relevant facts may yet be discovered").  Thus, in deciding the Moving Defendants' motion for judgment on the pleadings, the Court will not consider the declarations submitted by the parties.  *See Air China Ltd.*, 2009 WL 857611, at *6 n.7; *see also Sandy Hollow Assocs. LLC v. Inc. Vill.*

5

*of Port Wash. N.*, No. 09 Civ. 2629 (SJF) (AKT), 2010 WL 6419570, at *8 (E.D.N.Y. Sept. 6, 2010) (declining to consider a declaration on motion for judgment on the pleadings).

### B. FLSA and NYLL

"For liability to attach under the FLSA or the NYLL, a defendant must be an 'employer.'" *Ruixuan Cui v. E. Palace One, Inc.*, No. 17 Civ. 6713 (PGG), 2019 WL 4573226, at *6 (S.D.N.Y. Sept. 20, 2019) (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999)). Although the FLSA does not define the term "employer" in the first instance, it provides that an employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); *see Guerra v. Trece Corp.*, No. 18 Civ. 625 (ER), 2020 WL 7028955, at *8 (S.D.N.Y. Nov. 30, 2020).

The NYLL uses a nearly identical definition of the term "employer," and "[d]istrict courts in this Circuit have interpreted the definition of employer under the [NYLL] coextensively with the definition used by the FLSA." *Jianjun Chen v. 2425 Broadway Chao Rest., LLC*, No. 16 Civ. 5735 (GHW), 2017 WL 2600051, at *3 (S.D.N.Y. June 15, 2017) (quoting *Sethi v. Narod*, 974 F. Supp. 2d 162, 188 (E.D.N.Y. 2013)). Thus, courts in this District have applied the same tests to determine whether an individual constitutes an employer under the FLSA and the NYLL. *Olvera v. Bareburger Grp. LLC*, 73 F. Supp. 3d 201, 206 (S.D.N.Y. 2014).

In *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984), the Second Circuit adopted an "economic reality" test to assess whether a defendant is an employer under the FLSA. This test considers whether the defendant "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* Although the *Carter* factors may be sufficient to establish employment status, they are not

necessary to do so. *See Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 71 (2d Cir. 2003). In *Zheng*, the Second Circuit considered a somewhat overlapping set of factors designed to illuminate whether "an entity has *functional* control over workers even in the absence of the *formal* control measured by the *Carter* factors."[6] *Id.* at 72 (emphasis added). Five years later in *Barfield v. N.Y.C. Health and Hosps. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008), the Second Circuit expressed that there is "no rigid rule for the identification of an FLSA employer" as it considered the variety of formal and functional factors set forth in *Carter* and in *Zheng*, respectively, in an effort to "give proper effect to the broad language of the FLSA."

Cho alleges that Joshia and Joseph had "the power to hire and fire employees, to determine employees' salaries, to maintain employment records, to exercise control over the [sic] Osaka's operations, and to exercise control over Osaka's employees." Doc. 1 at ¶ 41. These conclusory allegations track nearly verbatim with the factors set forth in *Carter*'s formal economic reality test. *See Carter*, 735 F.2d at 12. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief. *Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 585 (S.D.N.Y. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Peng Bai v. Fu Xing Zhou*, No. 13 Civ. 05790 (ILG) (SMG), 2014 WL 2645119, at *4 (E.D.N.Y. June 13, 2014) ("[Plaintiff's] allegations that [defendant] had the power to hire, fire, set wages, set work conditions, and maintain employment records are conclusory and inadequate to establish that [defendant] was an employer, as several courts in this circuit have held.").

---

[6] Among the relevant factors considered in *Zheng* are whether the defendants' premises and equipment were used for the plaintiffs' work, the degree to which the defendants supervised the plaintiffs' work, and whether the plaintiffs worked exclusively or predominantly for the defendants. *Zheng*, 355 F.3d at 72.

In essence, Cho has alleged that the Moving Defendants *are* "employers" under the FLSA and so the Court should *deem* them "employers" under the FLSA. These circular allegations lack the factual content needed to lend facial plausibility to her FLSA claims against the Moving Defendants. *See Bravo v. Established Burger One, LLC*, No. 12 Civ. 9044 (CM), 2013 WL 5549495, at *7 (S.D.N.Y. Oct. 8, 2013) (granting motion to dismiss where plaintiffs alleged no specific facts outside recitation of elements of economic reality rest). Based on these allegations alone, the Court cannot reasonably infer that the Moving Defendants are "employers" under the FLSA or the NYLL. *See Shi Ming Chen v. Hunan Manor Enter., Inc.*, No. 17 Civ. 802 (GBD), 2018 WL 1166626, at *8 (S.D.N.Y. Feb. 15, 2018); *Chen*, 2017 WL 2600051, at *4 ("Plaintiff's boilerplate recitation of the four *Carter* factors is not entitled to the assumption of truth, and therefore cannot give rise to a plausible inference that [the defendant] is an 'employer.'").

Aside from these conclusory allegations, Cho alleges some limited factual content. Cho alleges that she informed the Moving Defendants that she had a learning disability and a speech disability at the onset of her employment with Osaka. Doc. 1 at ¶ 51. She alleges that all of the defendants, including the Moving Defendants, frequently yelled at her and made light of her disabilities by calling her names, despite her requests that they stop. *Id.* at ¶¶ 52, 54–55, 57. Additionally, Cho alleges that Joshia physically assaulted her on three occasions and that, in February 2018, Joshia threw a bottle at her head "because she asked him not to perform exercises on the female customers who were naked since it was inappropriate." *Id.* at ¶¶ 64–67. Separately, Cho alleges that Joseph forced her to "regularly clean the sixth floor for [him] and his partner at Amway without receiving any additional compensation, even though that was not within her duties and responsibilities at Osaka." *Id.* at ¶ 68.

The Court finds these factual allegations insufficient for it to reasonably infer that the Moving Defendants were Cho's employers under the FLSA or NYLL.  *Cf. Chen*, 2017 WL 2600051, at *4 (denying motion to dismiss where plaintiff alleged that defendant hired specific individuals who oversaw operations, made regular weekly visits to the restaurant and directed employees on how to manage the restaurant during those visits).  Cho's factual allegations of name-calling related to her disabilities implicate none of the factors considered in *Carter* or *Zheng*, and do not help the Court conclude that the Moving Defendants possessed the formal or functional ability to control Cho's employment or Osaka's operations.  *See Carter*, 735 F.2d at 12; *Zheng*, 355 F.3d at 72.

The same goes for Cho's allegation that Joshia physically assaulted her when she asked him to stop performing certain "exercises" on female customers.  Nothing about this allegation points towards an employer-employee relationship in which Joshia possessed operational control over Cho's employment.  Therefore, these allegations do not implicate the factors set forth in *Carter* or in *Zheng*.  *See Gisomme v. HealthEx Corp.*, No. 13 Civ. 2541 (LDW) (WDW), 2014 WL 2041824, at *4 (E.D.N.Y. May 15, 2014) (plaintiffs insufficiently pleaded employer status under FLSA because their boilerplate allegations were "not sufficient to establish that [defendants] exercised 'formal control' or 'functional control' over plaintiffs.").

Finally, the Court is unable to infer the Moving Defendants' status as Cho's employer on the basis of her allegation that Joseph forced her to clean for him and his partner at "Amway." Based on the facts alleged by Cho, the Court is unable to infer what Amway is or how it relates to Cho's employment with Osaka.  Indeed, Cho alleges that this was *not* part of her job duties at Osaka.  Doc. 1 at ¶ 68.  Thus, while this allegation may indicate that Joseph had some degree of control over Cho, as currently pleaded there are no facts to indicate how this control derives from

9

or relates to her employment with Osaka. Moreover, even if Cho had sufficiently alleged that Joseph controlled some of her employment conditions with Osaka, meeting a single factor of the *Carter* or *Zheng* tests is not necessarily sufficient to defeat a 12(c) motion, as these factors must be considered in their totality. *See Yongfu Yang v. An Ju Home, Inc.*, No. 19 Civ. 5616 (JPO), 2020 WL 3510683, at *4–5 (S.D.N.Y. June 29, 2020) (granting defendants' Rule 12(c) motion even when one *Carter* factor weighed in favor of "formal control").

In sum, Cho's conclusory allegations repeating the elements of the formal *Carter* economic reality test are insufficient to withstand the Moving Defendants' Rule 12(c) motion. And her factual allegations about the Moving Defendants' status as her employers fail to satisfy either the formal *Carter* test or the functional *Zheng* test. Consequently, Cho has not pleaded sufficient facts to support a finding that the Moving Defendants constituted her employer for the purposes of the FLSA or NYLL analyses. Accordingly, the Court dismisses without prejudice Cho's FLSA and NYLL claims against the Moving Defendants.

### C. Supplemental Jurisdiction

When a district court has original jurisdiction over a claim, that court may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Such claims are part of the same case or controversy if they come from the same "common nucleus of operative fact" as the claims providing the court with original jurisdiction. *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004); *see also Treglia v. Town of Manlius*, 313 F.3d 713, 723 (2d Cir. 2002) (finding supplemental jurisdiction where the state law claim "arises out of approximately the same set of events" as the federal law claim).

Generally, courts in this District have found that "when the only possible 'common nucleus of operative fact' alleged between the claims is the existence of a common employment relationship, there is no supplemental jurisdiction." *Guerra v. Trece Corp.*, No. 18 Civ. 625 (ER), 2020 WL 7028955, at *6 (S.D.N.Y. Nov. 30, 2020) (citing *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468 (S.D.N.Y. 2008)). In *Torres*, for example, the court found that it lacked supplemental jurisdiction over the defendant's state common law counterclaims where those counterclaims shared no operative facts with the plaintiff's FLSA claims. *Torres*, 628 F. Supp. 2d at 468–69. Besides the fact that each claim arose out of the employment relationship between the parties, they shared no connection. *Id.*

Here, however, the common nucleus of operative fact between Cho's FLSA and NYSHRL and NYCHRL claims against Moving Defendants extends beyond the mere fact of her employment with Osaka. Unlike in *Torres*, Cho alleges that the defendants failed to pay her wages in accordance with the FLSA *because of* her disabilities. Doc. 1 at ¶¶ 37–42. For example, after Cho complained about not receiving either minimum wage or overtime pay, she alleges that one of the defendants responded that "[Cho] is a retard. We don't need to pay her more." Doc. 1 at ¶ 38. Further, Cho specifically contends that the defendants' refusal to pay her "proper and just wages" is "yet another form of harassment, discrimination and retaliation." *Id.* at ¶ 49; *see Munguia v. Bhuiyan*, No. 11 Civ. 3581 (JBW) (MDG), 2012 WL 526541, at *3 (E.D.N.Y. Feb. 16, 2012) (finding supplemental jurisdiction over state law claims where plaintiff alleged that defendants decreased his wages due to unlawful discrimination). The close relationship between the facts forming the basis of her FLSA claims and her NYSHRL and NYCHRL claims provides the Court with supplemental jurisdiction over Cho's state law claims against the Moving Defendants.

However, when none of the claims providing the Court with original jurisdiction remain before the Court, it may decline to exercise supplemental jurisdiction over the surviving claims. 28 U.S.C. § 1367(c)(3); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009); *Milord-Francois v. N.Y. State Off. of Medicaid Inspector Gen.*, No. 19 Civ. 179 (LJL), 2020 WL 5659438, at *24 (S.D.N.Y. Sept. 23, 2020). In determining whether to exercise supplemental jurisdiction over the remaining claims, the court should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id.* (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966) (footnote omitted)).

The Court has dismissed Cho's FLSA claims against the Moving Defendants—the only claims providing the Court with original jurisdiction over them. Although the Court has supplemental jurisdiction over the remaining state law claims against the Moving Defendants, it will decline to exercise this jurisdiction. *See Shi Ming Chen v. Hunan Manor Enter., Inc.*, No. 17 Civ. 802 (GBD), 2018 WL 1166626, at *9 n.4 (S.D.N.Y. Feb. 15, 2018) ("Having dismissed the only claims against Moving Defendants over which it has original jurisdiction, this Court declines to exercise supplemental jurisdiction over the remaining state and common law claims at this early stage in the litigation."); *Gisomme v. HealthEx Corp.*, No. 13 Civ. 2541 (LDW) (WDW), 2014 WL 2041824, at *4 (E.D.N.Y. May 15, 2014) ("Given the dismissal of plaintiffs' FLSA claims, the Court grants defendants' request to dismiss the supplemental state law claim

under § 1367(c), subject to plaintiffs' right to replead their FLSA claims."). Because Cho is granted leave to replead, she may reallege these state law claims if she so chooses.

## IV. CONCLUSION

For the foregoing reasons, the motion for judgment on the pleadings as to the claims against the Moving Defendants, Joshia Lee and Joseph Lee, is GRANTED. Cho's claims against the Moving Defendants are dismissed without prejudice. If Cho decides to replead, any Amended Complaint is due by **May 24, 2021**. The next case management conference will be held remotely and by telephone on **June 25, 2021 at 3:30pm.** The parties are instructed to dial (877) 411-9748 and enter access code 3029857# when prompted.

The Clerk of the Court is directed to terminate the motion, Doc. 38.

It is SO ORDERED.

Dated: May 3, 2021
       New York, New York

_____
Edgardo Ramos, U.S.D.J.