# LAW OFFICE OF RUDY A. DERMESROPIAN, LLC

**Rudy A. Dermesropian**
**rad@dermesropianlaw.com**

810 SEVENTH AVENUE
SUITE 405
NEW YORK, NY 10019
Ph.: 646-586-9030
Fax: 646-586-9005
www.dermesropianlaw.com

Affiliate Office:
Skillman, NJ

## MEMO ENDORSED

November 11, 2022

<u>Via ECF</u>
Honorable Edgardo Ramos
United States District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> Defendant is directed to respond to no later than November 16, 2022.
> SO ORDERED.
>
> Edgardo Ramos, U.S.D.J
> Dated: November 11, 2022
> New York, New York

Re:   ***So Young Cho v. Osaka Zen Spa, et al.***
           **Case No. 19-cv-07935**

Dear Judge Ramos:

We represent the Plaintiff, So Young Cho, in the above-referenced matter. We write pursuant to Your Honor's Rule 2A and Local Rule 37.2 to respectfully request the Court (1) compel Defendants Osaka Zen Spa and Boksil Paula Lee to produce documents in their possession, custody or control responsive to Plaintiff's request for documents and (2) compel Osaka Zen Spa and Boksil Paula Lee to appear *in person* for a deposition at the Law Offices of Rudy A. Dermesropian, LLC, 810 Seventh Avenue, Suite 405, New York, NY 10019.

By way of background, this action was initiated with the filing of the Complaint on August 23, 2019. Plaintiff's claims are founded in disability, perceived disability and religious discrimination, and retaliation all in violation of the Executive Law of the State of New York, section 296, et seq., and the Administrative Code of the City of New York, section 8-101, et seq. This action is also brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA") and the New York Labor Law Art. 6, §§ 190, et seq. ("NYLL") for non-payment of the required minimum wage and overtime rate, as well as other violations under the wage-and-hour provisions of the FLSA and NYLL.

All Defendants were properly and timely served on September 4, 2019 and Defendants Osaka Zen Spa, Joshia Lee and Boksil Paula Lee appeared in this action by way of counsel on October 7, 2019. Defendants Boksil Paula Lee, Joshia Lee and Joseph Lee filed an Answer on October 11, 2019 (see ECF Doc. No. 9). Defendant Nan Hi Lee never filed an Answer to the Complaint.

On May 27, 2021 Plaintiff filed a First Amended Complaint ("FAC") (see ECF Doc. No 50), which was answered by Defendants Osaka Zen Spa and Boksil Paula Lee on March 14, 2022 (see ECF Doc. No. 61).

On July 7, 2021, Plaintiff served a first set of interrogatories, first request for production of documents, and deposition notices to all Defendants including Osaka Zen Spa and Boksil Paula Lee. (See Exhibit 1 annexed hereto). On November 24, 2021, Defendants Osaka Zen Spa and Boksil Paula Lee served responses to Plaintiff's First Set of Interrogatories and First Document Request by e-mail without producing any documents in response to Plaintiff's demands and without verifying the responses to interrogatories. (See Exhibit 2 annexed hereto).

In the November 24, 2021 e-mail, Defendants' counsel informed Plaintiff's counsel for the first time that he "believe[s] [his] client Paula Lee is currently legally incompetent." However, to date, Defendants have not produced any supportive document showing whether a legal guardian has been assigned despite repeated requests to do so from Plaintiff's counsel and the Court.

In light of Defendants counsel's representation that he will speak to his clients to determine if Defendant Boksil Paula Lee may require a legal guardian, the Court issued an Order on December 1, 2021, directing the parties "to report back to the Court by March 1, 2021, and, at that time, counsel for Defendant Boksil Paula Lee shall advise whether a guardian has been appointed." Defendants' counsel filed a letter on March 1, 2022 informing the Court, in part, that he "spoke to a close relative of the defendant, Boksil Paula Lee" who purportedly informed him that "a guardianship has not been appointed, due to a legal battle between [Boksil Paula Lee's] children and more lawsuits could be forthcoming."

During the telephonic conference held on November 3, 2022, Defendants' counsel again failed to provide a firm answer or any documentation as to whether Boksil Paula Lee requires a legal guardian or whether one is already appointed to her.

It has now been almost exactly a year since we have been waiting for Defendants and their counsel to provide formal documentation of the appointment of a legal guardian for Boksil Paula Lee in order to proceed with depositions and conclude discovery. However, Defendants have failed to do so. Defendants have also failed to produce a single document responsive to any of Plaintiff's 56 requests for documents or to verify their responses to interrogatories.

Boksil Paula Lee is not a third party to this lawsuit. Rather, she is a Defendant who is sued in her official and personal capacities, who operated her business and resided within the jurisdiction of this Court when this action was commenced and when papers were served on her. As such, she should be compelled for a deposition within the confines of the Southern District of New York - where any trial in this matter will be held. Furthermore, Plaintiff has the right to a face-to-face deposition of Defendants. *See Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 940 (S.D.N.Y. 1984) (court compelled party to appear for a face-to-face deposition in the forum the case was filed "to adequately prepare for trial"). Defendant's voluntary decision to move out of New York does not warrant a departure from this rule. *See e.g. Restis v. American Coalition Against Nuclear Iran, Inc.*, No. 13 Civ. 5032, 2014 WL 1870368 (S.D.N.Y. Apr. 25, 2014). In addition, Rule 37 of the Federal Rules of Civil Procedure provides that "[t]he court where the

action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent — or a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition." *Restis*, 2014 U.S. Dist. LEXIS 64502 at *11-12 (quoting Fed. R. Civ. P. 37(d)(1)(A)(i)).

Accordingly, Plaintiff respectfully requests the Court order Defendants Osaka Zen Spa and Boksil Paula Lee to fully and completely respond to Plaintiff's discovery demands including the production of all responsive documents, to verify their responses to interrogatories, and to appear in person for their respective depositions at 10:00 a.m. on December 12 and December 13, 2022 at the Law Offices of Rudy A. Dermesropian, LLC, 810 Seventh Avenue, Suite 405, New York, NY 10019.

Respectfully submitted,

*/s/ Rudy A. Dermesropian*

Rudy A. Dermesropian
Managing Member

cc:     All counsel of record (via ECF)