# LAW OFFICE OF RUDY A. DERMESROPIAN, LLC

**Rudy A. Dermesropian**
**rad@dermesropianlaw.com**

810 SEVENTH AVENUE
SUITE 405
NEW YORK, NY 10019
Ph.: 646-586-9030
Fax: 646-586-9005
www.dermesropianlaw.com

Affiliate Office:
Skillman, NJ

November 15, 2022

**Via ECF**

Honorable Edgardo Ramos
United States District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> **Re:**  *So Young Cho v. Osaka Zen Spa, et al.*
> **Case No. 19-cv-07935**

Dear Judge Ramos:

This office represents the Plaintiff, So Young Cho, in the above-referenced matter. We respectfully submit this letter in compliance with Your Honor's Order entered on November 10, 2022, whereby Plaintiff was directed to provide the Court with the calculations for the amount of $1,300,337.50 included in the submitted proposed judgment by November 16, 2022 (see ECF Docket No. 70).

Plaintiff brings this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and pursuant to the New York Labor Law Art. 6, §§ 190 *et seq.* ("NYLL"), to remedy Defendants' violations of the wage-and-hour provisions of the FLSA and NYLL that have deprived Plaintiff of her lawfully earned wages and benefits. Defendants failed to make, keep, and preserve any records, including but not limited to, hours worked each workday, wages paid, and total hours worked each workweek, as required by the FLSA and NYLL. In fact, Defendants failed to produce a single document of any sort during the entire course of discovery.

Plaintiff also brings this action to remedy (1) the unlawful discrimination and retaliation directed at her on the bases of her disability, perceived disability and religion in violation of the Executive Law of the State of New York, New York State Human Rights Law (the "Executive Law" or "NYSHRL"), Section 296, et seq., and the Administrative Code of the City of New York, New York City Human Rights Law (the "Administrative Code" or "NYCHRL"), Section 8-101, et seq. Plaintiff also seeks injunctive and declaratory relief, monetary damages, and all other appropriate legal and equitable relief, pursuant to all applicable federal and state laws.

## **Brief Factual Background:**

Plaintiff started her employment with Defendants in or about October 2013 and remained fully employed by Defendants until her unlawful termination on June 25, 2018.

### i.    **Unpaid Overtime and Minimum Wages**

During her employment with Defendants, Plaintiff was never paid the legally mandatory minimum wage, any over-time or spread-of-hours. She was also never afforded a meal break during that period of time, and was always paid in cash.

Specifically, from in or about October 2013 until in or about November 2016, Plaintiff worked a minimum of twelve hours per day and five days per week, or a minimum of sixty hours per week. During that period of time, she was paid only $40 per day, or the equivalent of $3.33 per hour.

From in or about November 2016 until in or about September 2017, Plaintiff continued to work a minimum of twelve hours per day or sixty hours per week, but was paid only $60 per day, or the equivalent of $5 per hour.

From in or about September 2017 until in or about April 2018, she was receiving only $70 per day for the same twelve hours per work day, or the equivalent of $5.83 per hour.

During the last two months of her employment from in or about April 2018 until June 25, 2018, her hours increased to a minimum of sixty-eight hours per week, and was paid only $80 per day or the equivalent of $5 per hour.

### ii.    **Discrimination and Harassment**

During her employment with Defendants, Plaintiff was severely and routinely discriminated against and harassed due to her disability and religion. Examples of discrimination and harassment that Plaintiff was subjected to are outlined in the Complaint, First Amended Complaint and the Declaration of Rudy A. Dermesropian in support of Plaintiff's Order to Show Cause filed on June 15, 2020 (see ECF Docket No. 23) all of which are incorporated herein by reference.

### Statement of Damages:

After reviewing Plaintiff's damages and updating some of the hard damages that Plaintiff sustained, we have revised her Statement of Damages as shown herein:

1. Plaintiff's damages under the FLSA and NYLL include, but may not be limited to, the following:

### *Relevant Periods*

| Start Period | End Period | Average Hours Worked Per Day | Minimum Days Worked Per Week | Rate Actually Paid Per Day | Rate Actually Paid Per Hour | NYC Minimum Wage During Relevant Time Period |
|---|---|---|---|---|---|---|
| 10/1/2013 | 12/31/2013 | 12 | 5 | $40.00 | $3.33 | $7.25 |
| 1/1/2014 | 12/31/2014 | 12 | 5 | $40.00 | $3.33 | $8.00 |
| 1/1/2015 | 12/31/2015 | 12 | 5 | $40.00 | $3.33 | $8.75 |
| 1/1/2016 | 10/31/2016 | 12 | 5 | $40.00 | $3.33 | $9.00 |
| 11/1/2016 | 12/31/2016 | 12 | 5 | $60.00 | $5.00 | $9.00 |
| 1/1/2017 | 8/31/2017 | 12 | 5 | $60.00 | $5.00 | $11.00 |
| 9/1/2017 | 12/31/2017 | 12 | 5 | $70.00 | $5.83 | $11.00 |
| 1/1/2018 | 3/31/2018 | 12 | 5 | $70.00 | $5.83 | $13.00 |
| 4/1/2018 | 6/25/2018 | 16 | 5 | $80.00 | $5.00 | $13.00 |

### *Wage and Hour Damages*

| Start Period | End Period | Weeks During Relevant Time Period | Regular Time That Should Have Been Paid | Overtime That Should Have Been Paid | Total That Should Have Been Paid | Total Actually Paid | Damages |
|---|---|---|---|---|---|---|---|
| 10/1/2013 | 12/31/2013 | 13 | $3,770.00 | $2,827.00 | $6,597.50 | $2,600.00 | $3,997.50 |
| 1/1/2014 | 12/31/2014 | 52 | $16,640.00 | $12,480.00 | $29,120.00 | $10,400.00 | $18,720.00 |
| 1/1/2015 | 12/31/2015 | 52 | $18,200.00 | $13,650.00 | $31,850.00 | $10,400.00 | $21,450.00 |
| 1/1/2016 | 10/31/2016 | 43 | $15,480.00 | $11,610.00 | $27,090.00 | $8,600.00 | $18,490.00 |
| 11/1/2016 | 12/31/2016 | 9 | $3,240.00 | $2,430.00 | $5,670.00 | $2,700.00 | $2,970.00 |
| 1/1/2017 | 8/31/2017 | 35 | $15,400.00 | $11,550.00 | $26,950.00 | $10,500.00 | $16,450.00 |
| 9/1/2017 | 12/31/2017 | 17 | $7,480.00 | $5,610.00 | $13,090.00 | $5,950.00 | $7,140.00 |
| 1/1/2018 | 3/31/2018 | 13 | $6,760.00 | $5,070.00 | $11,830.00 | $4,550.00 | $7,280.00 |
| 4/1/2018 | 6/25/2018 | 12 | $6,240.00 | $9,360.00 | $15,600.00 | $4,800.00 | $10,800.00 |
| **Total** | | | | | | | **$107,297.50** |

### *Spread-of-Hours Pay*

| Start Period | End Period | Weeks During Relevant Time Period | Minimum Days Worked Per Week | Hours of 10 Worked Each Day | NYC Minimum Wage During Relevant Time Period | Spread-of-Hours Owed |
|---|---|---|---|---|---|---|
| 10/1/2013 | 12/31/2013 | 13 | 5 | 2 | $7.25 | $471.25 |
| 1/1/2014 | 12/31/2014 | 52 | 5 | 2 | $8.00 | $2,080.00 |
| 1/1/2015 | 12/31/2015 | 52 | 5 | 2 | $8.75 | $2,275.00 |
| 1/1/2016 | 10/31/2016 | 43 | 5 | 2 | $9.00 | $1,935.00 |
| 11/1/2016 | 12/31/2016 | 9 | 5 | 2 | $9.00 | $405.00 |
| 1/1/2017 | 8/31/2017 | 35 | 5 | 2 | $11.00 | $1,925.00 |
| 9/1/2017 | 12/31/2017 | 17 | 5 | 2 | $11.00 | $935.00 |
| 1/1/2018 | 3/31/2018 | 13 | 5 | 2 | $13.00 | $845.00 |
| 4/1/2018 | 6/25/2018 | 12 | 5 | 2 | $13.00 | $780.00 |
| **Total** | | | | | | **$11,651.25** |

### *Liquidated Damages*

| Total | $118,948.75 |
|---|---|

### *Violation of NYLL § 198(1-b)*

| Total | $5,000.00 |
|---|---|

### *Violation of NYLL § 198(1-d)*

| Total | $5,000.00 |
|---|---|

### *Reasonable Attorney's Fees Pursuant to FLSA and NYLL*

| Total | $118,948.75 |
|---|---|

Accordingly, the total amount of damages under the FLSA and NYLL is an amount not less than **$366,846.25**.

2. Plaintiff's damages under the NYSHRL and NYCHRL include, but may not be limited to, the following:

     a.   Back pay an amount not less than **$137,400.00**, which is calculated by assuming Plaintiff was earning the minimum wage of $15.00 and working 40 hours per week (i.e., $600 per week) from June 25, 2018 until the date of this letter (i.e., 229 weeks).

     b.   Emotional distress damages in an amount to be determined by the Court, but believed not to be less than **$250,000.00**;

     c.   Liquidated damages in an amount to be determined by the Court, but believed not to be less than **$250,000.00**; and

     d.   Reasonable attorney's fees in an amount not less than **$223,090.00** (based on a 35% contingency fee) and out-of-pocket expenses in the amount of **$1,800.00**.

Accordingly, the total amount of damages under the NYSHRL and NYCHRL is an amount not less than **$862,290.00**.

3.   The total amount of damages pursuant to the FLSA, NYLL, NYSHRL and NYCRHL is **$1,229,136.25**.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/ Rudy A. Dermesropian*

Rudy A. Dermesropian
Managing Member

cc:     All counsel of record (via ECF)