UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SO YOUNG CHO,

                Plaintiff,

        – *against* –

OSAKA ZEN SPA, BOKSIL PAULA
LEE, *in her individual and official
capacities*, JOSHIA LEE, *in his
individual and official capacities*,
JOSEPH LEE, *in his individual and
official capacities*, NAMHI LEE, *in her
individual and official capacities*, JOHN
AND JANE DOES 1-10, *individually
and in their official capacities*, *and*
XYZ CORP. 1-10,

                Defendants.

**ORDER**

19-cv-07935 (ER)

RAMOS, D.J.:

     So Young Cho filed a complaint against various defendants, including Joshia Lee, on August 23, 2019. Doc. 1. The Court dismissed the claims against Joshia[1] on May 3, 2021, Doc. 46, and Cho filed an amended complaint that also named Joshia as a defendant on May 27, 2021, Doc. 50. Although Cho requested and was issued a summons as to Joshia on July 6, 2021, Doc. 53, she did not file a corresponding affidavit of service. Cho then filed a second amended complaint on August 7, 2024, which also named Joshia as a defendant. Doc. 128. Joshia has not answered either amended complaint or otherwise participated in this case since the claims against him were dismissed on May 3, 2021. Nor has an attorney entered an appearance on his behalf since he was dismissed from the case and renamed as a defendant in the first amended complaint.

---

[1] Because other defendants share Joshia Lee's last name, the Court refers to him by his first name to avoid any confusion.

In recognition of the foregoing, the Court issued an order directing Cho to file a status report regarding Joshia's participation in this case on April 13, 2026.  Doc. 183. When, in response, Cho expressed the view that she was not required to serve Joshia with either amended complaint, Doc. 186, the Court directed her to explain why the claims against him should not be dismissed pursuant to Rule 4(m).  Doc. 187; *see* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." (emphasis added)).

In response to the Court's order, Cho explains that it is her "understanding that . . . [she] was not required to serve Defendant Joshia Lee personally since he was not dismissed with prejudice and was still represented by counsel" when she filed the first amended complaint.[2]  Doc. 195.  Cho does not engage, however, with the fact that this argument is squarely foreclosed by this Court's previous rulings.  Indeed, when Cho made these same assertions four years ago, Docs. 56, 59, the Court responded by directing her to serve Joshia with the first amended complaint, Doc. 60.  Cho did not seek reconsideration of that order.  Nor did she contest that it required her to serve Joshia with the first amended complaint.  *See* Doc. 63 at 2 (recognizing that "pursuant to Your Honor's March 10, 2022 Order, Plaintiff was instructed to effectuate service on . . . Joshia Lee").  Rather, in the months that followed, Cho attempted to effectuate service on Joshia, and when she encountered obstacles, rightly sought the Court's assistance through a motion for alternative service—which the Court granted on November 9, 2022.  *See* Docs. 63, 65, 67, 69.  Thus, contrary to the view that Cho now espouses, the record makes

---

[2]  Cho asserts, "[u]pon information and belief," that Joshia is represented by Bingchen Li, notwithstanding the fact that no attorney has entered an appearance on his behalf since the filing of the amended complaint and Bingchen Li's consistent representations that he has not represented Joshia since his dismissal from the case in May 2021.  *See, e.g.*, Doc. 192 ("[T]his office has not represented the defendant Joshia Lee since this Court dismissed all claims against [him].").

clear that Cho understood that she was required to serve Joshia with the first amended complaint.

If Cho disagreed with the Court's ruling, the proper course of action would have been to challenge its disposition via a timely filed motion for reconsideration. And if she continued to encounter issues with service, she should have sought the Court's assistance. But because Cho did neither, over four years have passed since the Court directed Cho to serve Joshia with the first amended complaint. Doc. 60. As Cho has failed to serve Joshia with either amended complaint—even after she was warned about dismissal pursuant to Rule 4(m)—the claims against Joshia are dismissed without prejudice.

It is SO ORDERED.

Dated:    May 1, 2026
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

3