UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SO YOUNG CHO,

               Plaintiff,

        – against –

OSAKA ZEN SPA, BOKSIL PAULA
LEE, *in her individual and official
capacities*, JOSHIA LEE, *in his
individual and official capacities*,
JOSEPH LEE, *in his individual and
official capacities*, NAMHI LEE, *in her
individual and official capacities*, JOHN
AND JANE DOES 1-10, *individually
and in their official capacities, and*
XYZ CORP. 1-10,

               Defendants.

**ORDER**

19-cv-07935 (ER)

RAMOS, D.J.:

    So Young Cho brought suit against various defendants, including Namhi Lee, who is proceeding *pro se*, and her mother, Boksil Paula Lee, on August 23, 2019.  Doc. 1.  On April 21, 2026, Namhi Lee requested leave to file a motion for the appointment of a guardian ad litem for her mother.[1]  Doc. 188.  The Court held a conference regarding her request on May 7, 2026, at which counsel for Cho and counsel for Boksil Paula Lee were present.

    Namhi Lee's request to file a motion to appoint a guardian ad litem for Boksil Paula Lee is granted.  Namhi Lee is directed to file her motion by May 28, 2026.  Cho's opposition to the motion, if any, is due June 18, 2026.  To the extent that counsel for

---

[1]  Namhi Lee also requested leave to file a motion for the appointment of a guardian ad litem for her father, Joshia Lee.  Doc. 188.  But because Joshia Lee was dismissed from this case on May 1, 2026, the Court cannot appoint a guardian ad litem for him as he is not presently a party to this case.  *See* Fed. R. Civ. P. 17(c)(2) (permitting the appointment of a guardian ad litem for a "person . . . in an action").  Therefore, her request as to him is moot.

Boksil Paula Lee also objects to the request, he is also directed to file an opposition brief by the same date.  Namhi Lee's reply brief is due June 25, 2026.

Namhi Lee is further reminded that "the duty to appoint a guardian ad litem . . . is triggered by actual documentation or testimony of mental incompetency."  *Perri v. City of New York*, 350 F. App'x 489, 491 (2d Cir. 2009) (quotations omitted).  This includes: (1) "evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent" or (2) "verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent."  *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 201 (2d Cir. 2003).  In the absence of such evidence, motions to appoint a guardian ad litem are routinely denied.  *See, e.g.*, *Levin v. Johnson & Johnson*, No. 16 Civ. 06631 (JMA) (JMW), 2022 WL 17335669 (E.D.N.Y. Nov. 30, 2022); *Chapman v. Ring's End, Inc.*, No. 3:17 Civ. 01084 (VAB), 2020 WL 3430350, at *6 (D. Conn. June 23, 2020).

It is SO ORDERED.

Dated:    May 7, 2026
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

2